IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-CT-3036-FL

| | | |
|---|---|---|
| KENNETH BREWER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MARSHALL R. PIKE, JULIETA | ) | |
| PLANLO, and NANCY ERIN, | ) | |
| | ) | |
| Defendants.[1] | ) | |

This matter is before the court on defendants' motion for summary judgment (DE 44) pursuant to Federal Rule of Civil Procedure 56. The motion has been fully briefed, and in this posture, the issues raised are ripe for ruling.

### STATEMENT OF THE CASE

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint on January 28, 2021, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendants used excessive force and did not medically treat the resulting injuries, in violation of the Eighth Amendment to the United States Constitution.

Following a period of discovery, defendants filed the instant motion for summary judgment, arguing plaintiff failed to exhaust his administrative remedies, plaintiff has failed to establish any Eighth Amendment violation, and defendants are entitled to qualified immunity.

---

[1] The court dismissed plaintiff's claims against formerly named defendants Todd E. Ishee, John M. Godfrey, North Carolina Department of Public Safety, and Richard Ball by separate order entered November 29, 2021. The court also dismissed formerly named defendant Lt. Warren Davis on September 29, 2022.

Defendants rely on a memorandum of law, statement of material facts, and appendix of exhibits thereto, comprising the following: 1) declaration of counsel; 2) plaintiff's Offender Population Unified System ("OPUS") report; 3) plaintiff's fully exhausted grievances; 4) the former North Carolina Department of Public Safety's ("NCDPS") use of force policy; 5) the NCDPS administrative remedies procedure; 6) NCDPS offender conduct rules; and 7) declaration of defendant Marshall R. Pike, the assistant warden of Harnett Correctional Institution.

Plaintiff responded in opposition, relying upon a declaration supported by an appendix of exhibits thereto, comprising the following: 1) various grievance procedure documents; 2) a single page each from the NCDPS administrative remedy procedure and use of force policy; and 3) plaintiff's medical records.[2]

## COURT'S DISCUSSION

A.     Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must

---

[2] Plaintiff's lists other exhibits in the appendix, but such exhibits were not filed with the appendix. (See Pl.'s App. (DE 55-1)).

then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986).[3]

Only disputes between the parties over facts that might affect the outcome of the case properly preclude entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party). "[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin–Williams Co., 681 F.2d 230, 241 (4th Cir. 1982). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable

---

[3] Throughout this order, internal quotation marks and citations are omitted from all case citations unless otherwise specified.

inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489–90.

B.  Analysis

Defendants argue that plaintiff failed to exhaust administrative remedies prior to filing this action. The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory, and the court therefore may not excuse failure to exhaust, even to take special circumstances into account. Ross v. Blake, 136 S. Ct. 1850, 1856 (2016); Woodford v. Ngo, 548 U.S. 81, 83-85 (2006). Administrative grievances must contain sufficient detail to "alert[] the prison to the nature of the wrong for which redress is sought" and "give prison officials a fair opportunity to address the alleged [mistreatment]." Wilcox v. Brown, 877 F.3d 161, 167 n.4 (4th Cir. 2017) (quoting Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)); Moore v. Bennette, 517 F.3d 717, 726 (4th Cir. 2008).

DPS has a three-step administrative remedy procedure ("ARP"), which inmates must complete to exhaust administrative remedies. See DPS, Policy & Procedure Manual, Subchapter G, § 0300 et seq., available at https://www.ncdps.gov/adult-corrections/prisons/policy-procedure-manual; see also Moore, 517 F.3d at 721 (describing policy).[4] The ARP first encourages inmates to attempt informal communication with responsible authorities at the facility in which the problem arose. ARP § .0301(a). If informal resolution is unsuccessful, the ARP provides that any inmate

---

[4] The ARP is a publicly available governmental record, the authentication of which is not questioned by the parties. Accordingly, the court may take judicial notice of the policy when resolving the instant motion. See Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009); see also Fauconier v. Clarke, 652 F. App'x 217, 220 n.4 (4th Cir. 2016).

4

in DPS custody may submit a written grievance on Form DC-410.  Id. § .0310(a).  If the inmate is not satisfied with the decision reached at the step one level of the grievance process, he may request relief from the facility head.  Id. § .0310(b)(1).  If the inmate is not satisfied with the decision reached by the facility head, he may appeal his grievance to the Secretary of Public Safety through the inmate grievance examiner.  Id. § .0310(c)(1).  The decision by the inmate grievance examiner or a modification by the Secretary of Public Safety shall constitute the final step of the ARP.  Id. § .0310(c)(6).

Here, the undisputed record evidence establishes that, January 8, 2021, plaintiff filed a grievance addressing the alleged excessive force and failure to provide medical treatment, which occurred on October 1, 2020.  (Pl.'s Exs. (DE 55-1) at 3).  However, plaintiff has not established that he filed an appeal as required to exhaust administrative remedies.  See Woodford, 548 U.S. at 90 (requiring compliance with all procedural rules for appealing a decision in order to exhaust administrative remedies); see also NCDPS, Policy & Procedure Manual, Subchapter G, § .0310(b)(1).  Further, the undisputed evidence shows plaintiff fully exhausted five grievances through step three between January 1, 2020, and the filing of this action, on January 28, 2021.  (See Def. Ex. 1.2 (DE 46-3) at 18–44, 50–54).  None of these five grievances address the events of the underlying action.  (See id.).

At the top of the January 8, 2021, grievance exhibit, a note by plaintiff appears to indicate the grievance process was unavailable to him because it was the third grievance he filed on the matter, but he had not received a response.  (Pl.'s Exs. (DE 55-1) at 3).  The PLRA does include a statutory exception to the exhaustion requirement: the inmate must exhaust only "available" administrative remedies.  See 42 U.S.C. § 1997e(a); Ross v. Blake, 578 U.S. 632, 642–44 (2016).

5

An administrative remedy procedure is unavailable if: 1) "it operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; 2) when it is "so opaque that it becomes, practically speaking, incapable of use"; and 3) where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross, 578 U.S. at 642–44.

Plaintiff has not established the procedure was unavailable based on correctional staff's alleged failure to respond to the grievances. The ARP provides as follows:

> If at any level of the administrative remedy process, including the final level, the inmate does not receive a response within the time provided for reply, including any properly noticed extension, the absence of a response shall be a denial at that level which the inmate may appeal.

§ 0307(f)(5). The policy quoted above specifically allows appeal to the next level in the event plaintiff does not receive a response, and plaintiff has not explained why he did not continue with his appeals when correctional staff failed to respond to his grievances. (See Pl.'s Aff. (DE 1-1)); Pl.'s Decl. (DE 54); Pl.'s Resp. (DE 56)). Accordingly, plaintiff has not established the administrative remedy procedure was unavailable to him where the policy provides for further appeal in the event institutional staff fail to respond. See Ross, 578 U.S. at 642–44.

Plaintiff further argues that defendants engaged in spoliation and intentionally destroyed grievances relevant to the instant action. (Pl.'s Resp. (DE 56) at 4). Plaintiff does not offer any evidence demonstrating spoliation occurred. In fact, plaintiff submitted the January 8, 2021, grievance form with his exhibits, which he suggests was destroyed by defendants. (See id.; Pl.'s Exs. (DE 55-1) at 3).

Accordingly, the motion for summary judgment is granted where the undisputed evidence establishes plaintiff failed to exhaust administrative remedies prior to bringing this action.

## CONCLUSION

Based on the foregoing, defendants' motion for summary judgment (DE 44) is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 25th day of September, 2023.

                                          */s/ Louise V. Flanagan*
                                        LOUISE W. FLANAGAN
                                        United States District Judge